```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MEREDITH TINSELY,

                    Plaintiff,
                                        ORDER
          -against-                     14-CV-7277(JS)(ARL)

TOWN OF BROOKHAVEN, DEPT. OF
PUBLIC SAFETY,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Meredith M. Tinsley, Pro Se
                    44 South Howells Point Road
                    Bellport, NY 11713

For Defendants:     David M. Cohen, Esq.
                    Cooper, Sapir & Cohen, P.C.
                    560 Broadhollow Road, Suite 210
                    Melville, NY 11747
```

SEYBERT, District Judge:

Plaintiff Meredith M. Tinsley ("Plaintiff") commenced this action on December 10, 2014, against the Town of Brookhaven ("Defendant") alleging that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. § 2000 et seq. and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. Pending before the Court is Defendant's motion to dismiss. (Docket Entry 9.) For the following reasons, Defendant's motion is GRANTED.

BACKGROUND[1]

Plaintiff filed a form Complaint in this action and checked the boxes indicating that Defendants discriminated against her based upon her race, age, color, gender, and national origin, and because of a disability. On the page containing the check marks, she wrote "failure to provide training while other officers were given [the] same training--retaliation against my parents['] business." (Compl. at 3.) In the space provided to detail relevant facts about the case, Plaintiff merely wrote "see attached sheets." (Compl. at 4.) Attached to Plaintiff's Complaint is: (1) a right to sue letter issued by the U.S. Equal Employment Opportunity Commission; (2) two letters from the New York State Division of Human Rights; (3) a letter dated October 31, 2013 from a union discussing an allegation that Plaintiff's employer did not allow her to wear shorts at work, despite the fact that she has Lyme's disease; (4) a letter from Plaintiff to Defendant's Law Office discussing scheduling issues Plaintiff experienced at work, and a dispute between Plaintiff and "Sgt. Ed Birtch"; (5) a letter from the New York State Department of Labor regarding Plaintiff's unemployment insurance; (6) a memo from the Town of Brookhaven

---

[1] The following facts are drawn from the Complaint and are assumed true for the purposes of this Memorandum and Order.

Department of Public Safety regarding "Bang-Ins"; and (7) several other documents that the Court cannot readily identify.

DISCUSSION

I. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949-50; Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F. 3d 67, 71 (2d Cir. 1998). However, this limitation has been interpreted broadly to include any document attached to the complaint, any

3

statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Application

Plaintiff fails to state a plausible cause of action in her Complaint. The Complaint does not contain any facts that provide notice of the conduct at issue in this lawsuit. Moreover, the Court will not guess at the subject matter of this case based upon the documents attached to the Complaint. Therefore, this case must be DISMISSED.

III. Leave to Amend

Given the Second Circuit's guidance that a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), **Plaintiff is GRANTED LEAVE TO AMEND her Complaint in accordance with this Order. Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 14-CV-7277(JS)(ARL).** Plaintiff is cautioned that an Amended Complaint supercedes the

original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in the Amended Complaint.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket Entry 9) is GRANTED.  **However, Plaintiff is GRANTED LEAVE TO AMEND her Complaint in accordance with this Order.  Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March   8  , 2015
         Central Islip, New York

5