```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MEREDITH TINSLEY,

                    Plaintiff,           MEMORANDUM & ORDER
                                         14-CV-7277 (JS)(ARL)
        -against-

TOWN OF BROOKHAVEN DEPT. OF
PUBLIC SAFETY,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Meredith M. Tinsley, pro se
                    44 South Howells Point Road
                    Bellport, NY 11713

For Defendants:     David M. Cohen, Esq.
                    Cooper, Sapir, & Cohen, P.C.
                    560 Broadhollow Road, Suite 210
                    Melville, NY 11747
```

SEYBERT, District Judge:

On December 10, 2014, plaintiff Meredith Tinsley ("Plaintiff") commenced this employment discrimination action against the Town of Brookhaven Department of Public Safety ("Defendant" or "the Town"). She alleges that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. § 2000 et seq. and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. Currently pending before the Court is Defendant's motion to dismiss (Docket Entry 19.) For the following reasons, Defendant's motion is GRANTED.

BACKGROUND

I. Factual Background[1]

Plaintiff was employed by the Town as a public safety officer. (Am. Compl. at 1.)[2] She alleges that she was "forced out of work" by Director Mike Scholsberg ("Director Scholsberg") and the Town in July 2013 and discriminated against based on her race, color, gender, national origin, and disability. (Am. Compl. at 2, 5.) She alleges that after she was terminated, the pay rate for public safety officers increased, and she would have received the pay raise if she had not been terminated. (Am. Compl. at 2.) Plaintiff further alleges that the Town failed to provide training. (Am. Compl. at 5.) She requests the dismissal of Director Scholsberg, Commissioner Peter O'Leary, and Sergeant Britch, as well as compensation from the Town.[3] (Am. Compl. at 2.) In

---

[1] The following facts are taken from the Amended Complaint (Am. Compl., Docket Entry 18) and are presumed to be true for the purposes of this Memorandum and Order. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." (internal quotation marks and citation omitted)).

[2] To avoid confusion, the Court will use the pagination assigned by the Electronic Case Filing system when referring to the Amended Complaint.

[3] Specifically, Plaintiff demands the following damages: (1) reimbursement for loan payments related to a New York State retirement account which she has been unable to make since

addition, Plaintiff requests a promotion to Lieutenant. (Am Compl. at 2.) She contends that the Town continues to retaliate against her and her parents' business. (Am. Compl. at 5.)

II. <u>Procedural History</u>

Plaintiff filed her Complaint on December 10, 2014. (Compl., Docket Entry 1.) Defendant moved to dismiss the Complaint on May 19, 2015. (Mot., Docket Entry 9.) On March 8, 2016, the Court granted Defendant's motion to dismiss but granted Plaintiff leave to amend her Complaint. <u>Tinsley v. Town of Brookhaven</u>, 14-CV-7277, 2016 WL 901676, at *2 (E.D.N.Y. Mar. 8, 2016). The Court held that dismissal was warranted because "[t]he Complaint d[id] not contain any facts that provide notice of the conduct at issue in this lawsuit." <u>Tinsley</u>, 2016 WL 901676, at *2.

Plaintiff filed her Amended Complaint on June 13, 2016. (Am. Compl.) Defendant filed a letter motion to dismiss on June 15, 2016, arguing that Plaintiff's Amended Complaint was untimely; however, the Court denied the motion without prejudice. (Letter Mot., Docket Entry 16; Order, June 22, 2016.) Thereafter, on July 6, 2016, Defendant filed the instant motion to dismiss for failure to state a claim and/or lack of subject matter

---

losing her job, (2) reimbursement for all other bills and expenses that she has been unable to pay since losing her job, 3) ten percent of the Town's revenue for each year between 2013 and 2016 and (4) punitive damages. (Am. Compl. at 2.)

3

jurisdiction. (Def.'s Mot., Docket Entry 19.) Plaintiff filed her opposition on August 11, 2016. (Pl.'s Opp., Docket Entry 21.)

On the first page of Plaintiff's Amended Complaint, she states "Listed chronologically are the events that occurred to myself while on the job as a public safety officer . . . ." (Am. Compl. at 1.) The Amended Complaint contains a brief "Statement of Claim" primarily outlining the requested relief and a form employment discrimination complaint. In the section provided to detail relevant facts about the case in the form complaint, Plaintiff merely states "See Attached Sheets." Attached to the Amended Complaint are: (1) a memorandum from the Town regarding "Bang-Ins"; (2) a Notice of Determination from the New York State Department of Labor regarding unemployment benefits; (3) a notification from Bank of America that Plaintiff's bank account was overdrawn; (4) Plaintiff's 2013 W-2 form issued by the Town; (5) a right to sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC"); (6) a letter from the New York State and Local Retirement System; (7) a Determination after Investigation, a Final Investigation Report and Basis of Determination and a letter from the New York State Division of Human Rights; (8) a letter from Plaintiff to Defendant's Law Office discussing scheduling issues Plaintiff experienced at work and a dispute between Plaintiff and Sgt. Ed Birtch; (9) a Miscellaneous Report, Vehicle Inspection Form and bi-weekly time record related

to Plaintiff's dismissal from work for wearing shorts; (10) a letter from CSEA discussing an allegation that Plaintiff's employer did not allow her to wear shorts at work, notwithstanding her diagnosis with Lyme's disease; and (11) an application to proceed in forma pauperis.[4]  (Am. Compl. at 8-32.)

DISCUSSION

I. Legal Standard

A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings.  See Morrison v. Nat'l Austl. Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010). Though the Court must accept the factual allegations contained in the Amended Complaint as true, it will not draw argumentative inferences in favor of Plaintiff; subject

---

[4] All of these documents were attached to the original Complaint with the exception of (1) the letter from the New York State and Local Retirement System, (2) the Final Investigation Report and Basis of Determination from the New York State Division of Human Rights, and (3) the Miscellaneous Report, Vehicle Inspection Form and bi-weekly time record related to Plaintiff's dismissal from work for wearing shorts.  (Compl. at 6-17.)

5

matter jurisdiction must be shown affirmatively. See id. Additionally, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

B. Rule 12(b)(5)

"Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of the complaint for insufficient service of process upon motion by a defendant made prior to the defendant's filing an answer." Forte v. Lutheran Augustana Extended Care & Rehab. Ctr., No. 09-CV-2358, 2009 WL 4722325, at *2 (E.D.N.Y. Dec. 9, 2009). When defendants move to dismiss for lack of proper service, "the plaintiff bears the burden of establishing that service was sufficient." Khan v. Khan, 360 F. App'x 202, 203 (2d Cir. 2010). Moreover, "'[w]hen a court considers a motion to dismiss pursuant to Rule 12(b)(5), it must consider information outside the complaint to determine whether service was sufficient.'" Rosado-Acha v. Red Bull Gmbh, No. 15-CV-7620, 2016 WL 3636672, at *9 (S.D.N.Y. June 29, 2016) (quoting Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc., No. 12-CV-2327, 2013 WL 5460196, at *4 (E.D.N.Y. Sept. 30, 2013)).

C. Rule 12(b)(6)

Rule 12(b)(6) provides that dismissal is appropriate if the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must plead "enough

6

facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the Court must accept all allegations in the Amended Complaint as true, this tenet is "inapplicable to legal conclusions." Id. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Ultimately, the Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679, 129 S. Ct. at 1950.

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). See also Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015) (noting that the dismissal of a pro se complaint pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

7

which would entitle him to relief") (internal quotation marks and citation omitted). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Hiller, 2015 WL 4619624, at *7.

In deciding a motion to dismiss, the Court is generally confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, the Court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citation omitted); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (observing that a document is "integral" if the complaint "relies heavily upon its terms and effect") (internal quotation marks and citation omitted).

II. Application

Defendant makes three arguments in support of its motion to dismiss. First, it argues that the Court lacks subject matter jurisdiction because Plaintiff's original Complaint was filed ninety-one days after Plaintiff received the right to sue letter from the EEOC. (Def.'s Br., Docket Entry 19-2, at 5.) The Court

8

disagrees.  It is well established that "[u]nder Title VII and the Americans with Disabilities Act, a claim must be filed in federal court within 90 days of the plaintiff's receipt of a right-to-sue letter . . . ."  Johnson v. St. Barnabas Nursing Home, 368 F. App'x 246, 248 (2d Cir. 2010); see also 24 U.S.C. § 2000e-5(f)(1). Additionally, there is a presumption that "a notice provided by a government agency was mailed on the date shown on the notice," Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011), and that "a plaintiff received his or her right to sue letter three days after its mailing," Johnson, 368 F. App'x at 248.  Plaintiff's right to sue letter (the "Right to Sue Letter") was issued on September 10, 2014.  (Right to Sue Ltr., Docket Entry 18, at 13.)  The Court presumes that it was mailed the same day and that Plaintiff received it on September 13, 2014.  Thus, her Complaint was timely if it was filed on or before December 12, 2014.[5]  Plaintiff's Complaint was filed on December 10, 2014, and as a result, the Complaint was timely.  Accordingly, Defendant's motion to dismiss on this ground is DENIED.

---

[5] Because Plaintiff's Amended Complaint relates back to the filing of the original Complaint, the proper inquiry is whether the original Complaint was filed within ninety days of receiving the Right to Sue Letter.  See FED. R. CIV. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").

Second, Defendant contends that dismissal is warranted because it was not served within 120 days of the filing of the original Complaint pursuant to Federal Rule of Civil Procedure 4(j). (Def.'s Br. at 5.) At the time Plaintiff's original Complaint was filed, the Federal Rules of Civil Procedure required that she serve Defendant within 120 days after filing the Complaint.[6] Stevens, 2016 WL 7210072, at *1-2 (analyzing the plaintiff's compliance with the version of Rule 4 in effect at the time the complaint was filed). However, the Court must extend the time to serve the defendant if the plaintiff demonstrates good cause. FED. R. CIV. P. 4(m).

Here, the original Complaint was filed on December 10, 2014, and Defendant was served 135 days later on April 24, 2015. (Compl.; Process Receipt and Return, Docket Entry 8.) Although service did not occur within the required time period, the Court finds that dismissal is not appropriate on this ground. Pursuant to this Court's February 3, 2015 Order, Plaintiff was granted leave to proceed in forma pauperis ("IFP") and service of the summons and complaint was the responsibility of the United States Marshal Service ("USMS"). (Order, Docket Entry 6, at 2.) See Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012) ("[W]e agree that plaintiffs

---

[6] In December 2015, the time period to serve a summons and complaint was shortened to ninety days. FED. R. CIV. P. 4(m); see also Stevens v. Landes, No. 13-CV-643S, 2016 WL 7210072, at *1 n.3 (W.D.N.Y. Dec. 13, 2016).

10

proceeding pro se and IFP are entitled to rely on the Marshals to effect service . . . ."); Stevens, 2016 WL 7210072, at *2 ("Once a plaintiff is granted permission to proceed in forma pauperis, the responsibility for effecting service of summons and complaint shifts to the court.") (citing 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3)). Therefore, because the delay in service was caused by circumstances outside Plaintiff's control, there is good cause to retroactively extend her time to serve the complaint until April 24, 2015.[7] Id. ("Consequently because the court is responsible for the failure to serve, good cause exists under Rule 4(m) for an extension of time to complete service."); McCalman v. Partners in Care, No. 01-CV-5844, 2002 WL 856465, at *1 (S.D.N.Y. Apr. 25, 2002) (retroactively extending time to serve due to the failure of the USMS to effectuate timely service).

---

[7] The Court is mindful of the Second Circuit's pronouncement that "[i]f a plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so." Meilleur, 682 F.3d at 63. However, the Court was aware that Plaintiff was relying on the USMS for service, and in fact, ordered such service. (See Order, February 3, 2015.) Based on the facts of the instant case, the Court will not fault Plaintiff for failing to request an extension during the fifteen days between the deadline for service and service of the Summons and Complaint by the USMS.

Third, Defendant maintains that the Amended Complaint fails to state a claim and fails to comply with well-established pleading standards. (Def.'s Br. at 4, 6-7.) The Court agrees.

"To make out a prima facie case under Title VII, a plaintiff must show: (1) she is a member of a protected class; (2) she is competent to perform her job or performed her job satisfactorily; (3) there was an adverse employment action; and (4) circumstances supporting an inference of discrimination." Kiley v. Am. Soc. for Prevention of Cruelty to Animals, 296 F. App'x 107, 109 (2d Cir. 2008). Although Plaintiff alleges that she is a member of a protected class, she fails to allege facts to plausibly plead the remaining elements of her claim. (See Compl. at 2, 5.) Specifically, she fails to allege that she was competent to perform her duties as a public safety officer. Moreover, Plaintiff's Statement of Claim fails to allege any "circumstances supporting an inference of discrimination." See Kiley, 296 F. App'x at 109.

To establish a discrimination claim under the ADA, Plaintiff must demonstrate that "(1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by her employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because

12

of her disability." Dooley v. JetBlue Airways Corp., 636 F. App'x 16, 21 (2d Cir. 2015 (internal quotation marks and citation omitted). The Amended Complaint alleges that Plaintiff suffered from Lyme Disease in 1993 and 1999. (Compl. at 5.) However, it does not contain any facts regarding the other elements of an ADA discrimination claim.[8] Further, the Amended Complaint consists almost entirely of letters, records and other documents and lacks the "short and plain statement of the claim" required by the Federal Rules. Fed. R. Civ. P. 8(a)(2). As this Court previously held, "the Court will not guess at the subject matter of this case based upon documents attached to the Complaint." Tinsley, 2016 WL 901676, at *2.

The Court finds that Plaintiff's Amended Complaint fails to state a plausible claim. Accordingly, the Amended Complaint is DISMISSED.

C. Leave to Amend

The Second Circuit has held that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999), overruled on other grounds, Gonzaga v. Doe, 536 U.S.

---

[8] To the extent Plaintiff's complaint asserts a Title VII retaliation claim or a failure to accommodate claim, the Court finds that she also fails to plead sufficient facts related to those claims to survive a motion to dismiss. See Dooley, 636 F. App'x at 18-19 (discussing elements of retaliation and failure to accommodate claims).

13

273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002). See also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "the district court has discretion whether or not to grant leave to amend," and "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

Plaintiff was previously granted leave to amend her Complaint to plead facts to support her claims but failed to do so. Similar to her original Complaint, Plaintiff has attached a series of documents and records to her Amended Complaint without any explanation. In its discretion, the Court finds that further amendments would be unproductive. Accordingly, leave to amend is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket Entry 19) is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff. Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for

purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February  24 , 2017
         Central Islip, New York